UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV449-3-V
(3:03CR35-1-V)

| | |
|---|---|
| ERIC LAMAR WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, filed on October 25, 2005, (Document No. 1), Respondent's Motion for Summary Judgment, (Document No. 3), and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 5.) For the reasons stated herein, Respondent's Motion for Summary Judgment will be granted and the Petitioner's Motion to Vacate will be denied and dismissed.

**PROCEDURAL HISTORY**

The record reveals that Petitioner pled guilty, pursuant to a written plea agreement on August 28, 2003 to conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1957, and 1956(h). On August 28, 2003, Petitioner and his attorney attended a Rule 11 hearing before the Magistrate Judge at which time the Petitioner formally entered his plea.

1

At that hearing, the Magistrate Judge engaged the Petitioner in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. (See Transcript of Plea and Rule 11 Hearing.) The Court asked the Government to summarize the essential terms of the Plea Agreement which included an agreement that the amount of marijuana that was reasonably foreseeable to the defendant was at least 1,000 kilograms but less than 3, 000 kilograms; that the base offense level for this quantity of marijuana is 32; that §2S1.1 of the United States Sentencing Guidelines applies and that §2S1.1(b)(3) does not apply. The agreement also contained a waiver of Petitioner's right to appeal his conviction and /or sentence and the right to contest his conviction or sentence in any post conviction proceeding, including a motion pursuant to 28 U.S.C. § 2255, except on the grounds of prosecutorial misconduct and/or ineffective assistance of counsel. (Id. at 8.) The Court then specifically asked the Petitioner whether he understood the terms of the Plea Agreement as recited by counsel for the government. (Id at 11.) The petitioner indicated that he understood and agreed with the terms of the Plea Agreement. (Id.) The Court confirmed that Petitioner had not been threatened or forced Petitioner to sign the agreement, that no one had made promises of leniency to him, and that he was satisfied with the services of his attorney. (Id. at 12-13.) The Court then determined that the Petitioner's guilty plea was knowingly and freely made and that he understood the charges, potential penalties and consequences of his plea. (Id. at 15.)

At the sentencing hearing held on October 27, 2004 this Court confirmed that Petitioner understood the nature of the charges to which he was pleading and the possible penalties; that he was satisfied with the services of his attorney and that he was pleading guilty freely and voluntarily. (Sentencing Transcript at 2.) The Court then found that based on those answers together with the sworn answers at the Rule 11 hearing, the plea was competent, counseled and formed freely and

2

voluntarily. (Id. at 3.) The Court sentenced Petitioner, on October 27, 2004, to 151 months in prison followed by five years of supervised release. The Court also announced an alternative sentence, using the federal sentencing guidelines as advisory instead of mandatory, of 151 months imprisonment, pursuant to United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004), vacated by 125 S. Ct. 1051 (2005).

On October 25, 2005 Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that his counsel was ineffective because he: (1) failed to object to an increased sentence based on a gun enhancement; (2) failed to object to the amount of marijuana being found by the Court instead of a jury; (3) failed to object to the alternative sentence issued by the court; and (4) failed to appeal the sentence imposed by the court. Petitioner also contends that the Court did not have the authority to impose an alternate sentence as required by the Fourth Circuit in Hammoud; and his sentence was increased based on factual findings made by the Court instead of a jury in contravention of Petitioner's right to trial by jury as articulated in Apprendi, Blakely, and Booker.

## ANALYSIS

### I. PETITIONER HAS WAIVED HIS RIGHT TO RAISE CLAIMS OTHER THAN INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL MISCONDUCT

Petitioner's Plea Agreement specifically sets forth that Petitioner has waived his right to contest his conviction or sentence in any direct appeal or other post-conviction action, including any proceeding under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 15, case no. 3:03cr35, document no. 32.) The Fourth

3

Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's appellate rights.[1] Moreover, the Fourth Circuit has held that a defendant may waive in a plea agreement his rights under § 2255 to attack his conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005).

At his Rule 11 hearing, Petitioner swore under oath that he understood that he was waiving his right to challenge his sentence or conviction on appeal or in a post-conviction proceeding.[2] (Transcript of Plea and Rule 11 Hearing at 11-12.) Furthermore, Petitioner swore that he had not been threatened, intimidated, or forced to enter into the Plea Agreement and that, other than the terms of the Plea Agreement, no one had made promises of leniency or a light sentence in order to induce Petitioner to plead guilty. (Id. at 12.) Consequently, this Court concludes that the Agreement's waiver provision is valid and fully enforceable. The waiver provision stands as an absolute bar to Petitioner's attempts to challenge his conviction and sentence on all of the grounds raised in his Motion to Vacate that were not framed as ineffective assistance of counsel claims including Petitioner's claim that the Court did not have the authority to impose an alternative sentence and that Petitioner's sentence violated his right to trial by jury because it was enhanced by

---

[1] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

[2] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

factual findings made by the Court and not a jury.

## II. <u>INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS</u>

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. Of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065. The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694.

The petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id</u>., <u>quoting</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364 U.S. 364,

369 (1993).

Petitioner claims that his counsel was ineffective because his counsel: (1) failed to object to an increased sentence from a gun enhancement; (2) failed to object to the amount of marijuana being found by the Court instead of a jury; (3) failed to object to the alternative sentence issued by the court; and (4) failed to appeal the sentence imposed by the court. The Court will address each of Petitioner's claims in turn.

It is important to note that Petitioner stated that he was satisfied with the performance of his counsel at his Rule 11 Hearing. When asked if Petitioner had anything to say about the performance of his attorney, Petitioner stated, "You know, I'm fine with him. He's doing a good job, you know." (Transcript of Plea and Rule 11 Hearing 13:10-20.) At his sentencing hearing, Petitioner answered in the affirmative when asked if he had been adequately and suitably advised and represented by his attorney. (Transcript of Sentencing 2:21-23.)

First, Petitioner claims that his counsel was ineffective because he failed to object to an increased sentence due to a gun enhancement which was not stipulated to nor found by a jury. Petitioner has not set forth a sufficient basis for finding Strickland prejudice. Petitioner claims that his attorney should have objected to the gun enhancement because it was not charged in the Indictment nor stipulated to by him in the Plea Agreement. Petitioner appears to assert that had his counsel objected to the gun enhancement and appealed, Petitioner's appeal would have been pending during Booker[3] and Petitioner would have been entitled to a sentencing hearing using the guidelines as advisory. However at the time Petitioner was sentenced in October 2004, the United States

---

[3] United States v. Booker/Fanfan, 543 U.S. 220 (2005).

6

Supreme Court had not ruled that the rule announced in Apprendi[4] was applicable in federal sentencing proceedings. See United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (holding that Apprendi **and its progeny** did not apply to the U.S. Sentencing Guidelines) (emphasis added). To be sure, it was not until after the Petitioner was sentenced when the Supreme Court decided United States v. Booker/Fanfan, 543 U.S. 22 (2005) holding, in part, that the rule from Apprendi is applicable to federal sentencing proceedings. Thus, in October 2004 the Petitioner's attorney had no basis upon which to object to the gun enhancement since the law in this circuit then dictated that a sentence which included sentencing enhancements, but did not exceed the statutory maximum term, simply did not violate Apprendi and its progeny.[5] Here, the statutory term of imprisonment for the conspiracy conviction was not less than ten years nor more than life, 21 U.S.C. § 841(b)(1)(A), and the statutory maximum for the money laundering conviction was not more than twenty years. 18 U.S.C. § 1956(a)(1)(B). However, the Petitioner actually received 151 months imprisonment, a much lower term than the statutory maximum for either conviction. Suffice it to say, therefore, the Petitioner cannot establish either deficient performance or prejudice in connection with this claim.

Next, Petitioner claims that his counsel was ineffective because he failed to object to the

---

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any factor, other than a prior conviction, which increases the statutory maximum term, must be alleged in the Indictment and proven beyond a reasonable doubt, or admitted by the defendant.).

[5] See United States v. Roberts, 262 F.3d 286, 291 (4th Cir. 2001) (concurrent 30 year sentences based upon uncharged enhancements not in violation of Apprendi, where defendant faced a 30-year statutory maximum due to prior conviction); United States v. Angle, 254 F.3d 514, 518 (4th Cir.) (En banc) (sentence up to 20-year statutory maximum based upon sentencing factors not implicated by Apprendi), cert. denied, 534 U.S. 937; and United States v. Kinter, 235 F._ 192, 201 (4th Cir. 2000) (factual determinations which increase sentence under Guidelines not affected by Apprendi, so long as sentence does not exceed statutory maximum for offense of conviction).

amount of marijuana being found by the Court instead of a jury. In Petitioner's Plea Agreement, Petitioner specifically stipulated that the amount of marijuana that was reasonably foreseeable to him was between 1,000 and 3,000 kilograms. (Plea Agreement ¶ 3.a) Moreover, it is clear from Petitioner's Plea and Rule 11 Hearing that Petitioner was advised of all the terms of the Plea Agreement and that he understood such terms specifically the stipulation regarding the drug amount. (Transcript of Plea and Rule 11 Hearing at 9, 11.) Counsel's failure to object to a stipulated term in the Plea Agreement cannot be considered ineffective assistance of counsel. Petitioner has failed to satisfy the performance prong of the Strickland test, therefore Petitioner's claim must be denied.

Next, Petitioner claims that his counsel was ineffective because he failed to object to the alternative sentence issued by the court. Petitioner cannot satisfy the performance prong of the Strickland test. Counsel's failure to object to the alternative sentence did not cast a pall of unreasonable unfairness upon Petitioner's sentencing. The law of this Circuit required that this Court issue an alternative sentence using the guidelines as advisory. United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated and remanded, 125 S.Ct 1051 (2005). Counsel cannot be deemed ineffective for failing to object to the law of this Circuit. Petitioner's claim is denied.

Finally, Petitioner claims that his counsel was ineffective because he failed to appeal the sentence imposed by this Court. Petitioner does not allege that he requested that Counsel file an appeal. Furthermore, Petitioner waived his right to appeal in the Plea Agreement. (Plea Agreement ¶ 15). During Petitioner's plea colloquy, Petitioner stated that he understood that his right to appeal or challenge his conviction had been expressly waived. (Transcript of Guilty Plea 11-12.) Counsel's failure to appeal Petitioner's sentence was within the "wide range of reasonable professional conduct" especially in light of the waiver provision in the Plea Agreement. See Strickland, 466 U.S. at 689.

8

Petitioner has failed to satisfy the performance prong of the Strickland test, so this claim must be denied.

**CONCLUSION**

The Court's review of the Petitioner's Motion to Vacate and Respondent's Motion for Summary Judgment conclusively shows that Petitioner is not entitled to relief on his claims contained in his Motion to Vacate that were not framed as ineffective assistance of counsel claims as he has waived his right to seek collateral review of such claims in his Plea Agreement. With respect to the ineffective assistance of counsel claims outlined in this Order and found in Petitioner's Motion to Vacate, the Court concludes that Petitioner has not brought forth sufficient evidence to satisfy the Strickland test and, as such, Petitioner's claims of ineffective assistance of counsel are denied.

**ORDER**

**THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate is denied and dismissed..

**SO ORDERED**.

Signed: June 11, 2007

Richard L. Voorhees
United States District Judge